James M. BIDDLE, et al., Appellees,

v.

**TOWN OF FARRAGUT, et al., Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 24, 1982.

Permission to Appeal Denied by Supreme Court Feb. 22, 1983.

David E. Rodgers of Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, for appellants.

Keith McCord of McCord & Cockrill, Knoxville, for appellees.

## OPINION

PARROTT, Presiding Judge.

This case comes to us on an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure from the Knox County Chancery Court. We are presented with a very narrow question that requires an interpretation of T.C.A. § 6–2–102. After a careful consideration of this statute, we must disagree with the chancellor's reading of the statute, and reverse his holding concerning it. Therefore, we remand this cause for a disposition consistent with this opinion.

T.C.A. § 6–2–102 states:

Publication of ordinances—Codification.—Each ordinance shall be published once prior to its effective date, in a newspaper of general circulation in the municipality. The board of mayor and aldermen shall codify all ordinances at least once every ten (10) years.

The question we must answer is whether this provision requires publication *after* final passage but *before* the effective date, or whether publication can be at anytime prior to the effective date of the ordinance. The chancellor below held that this statute requires publication after final passage but before the effective date. We disagree.

On its face, the statute only requires that an ordinance be published before its effective date. The statute does not say that the ordinance must have been passed before it is published. We find it significant that the statute which T.C.A. § 6–2–102 replaced referred specifically to ordinances "as passed." 1875 Tenn.Pub.Acts, Chapter 92, Section 16. The legislature changed this wording to its present form in 1970. 1970 Tenn.Pub.Acts, Chapter 426, Section 13.

It has been stated repeatedly by our supreme court in cases so numerous that citation is unnecessary that the fundamental purpose of a court in interpreting a statute is to give effect to the intent of the legislature. We feel that the legislature's failure to include the old language "as passed" in the new and revised statute indicates that it considered the precise posture

of an ordinance immaterial as long as its effective date had not arrived.

Appellants and appellees make much of the question whether "ordinance" as used in § 6–2–102 means *proposed* ordinance or whether a given provision can even be termed an "ordinance" until actually passed. We find appellants' argument plausible that "ordinance" can mean a *proposed* ordinance because the term is so used in T.C.A. § 6–2–308. At the same time, appellees correctly point out that the subject of § 6–2–308—the procedure for passing ordinances appropriating money—makes the meaning of "ordinances" in that provision clearer. The differing contexts of the two provisions can change the meaning of the same word used in both.

It is clear that § 6–2–102 was intended by the legislature to provide notice to the public by publication. However, it is not clear whether the notice was to be of *proposed* ordinances, so that citizens could attend and participate in the hearings thereon, or whether notice was to be of *passed* ordinances, so that the public would have notice of their effect. The legislature included no statement of intent with the new statute.

Because the intent of the legislature is not stated, we must rely on the plain meaning of the statute, that publication is good anytime before the effective date, and our inference that the legislature had a reason for leaving out the old language "as passed" when it did so. We therefore reverse the chancellor's reading of the statute and remand for proceedings consistent with this opinion. Let costs for this appeal be taxed to appellees.

GODDARD and FRANKS, JJ., concur.