CLAIBORNE COUNTRY CLUB,
INC., Appellant,

v.

CITY OF TAZEWELL, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Jan. 8, 1990.

J. Nicklas Holt, Knoxville, for appellant.

David H. Stanifer, Tazewell, for appellee.

OPINION

FONES, Justice.

Appellant brings this direct appeal of the denial of its application for a beer permit, first by the City of Tazewell Beer Board and then by the Circuit Court of Claiborne County.

Appellant filed an application for a beer permit on 15 September 1987, and the Taze-well Board of Aldermen, sitting as the beer board, rejected that application on 10 November 1987 on the ground that Ordinance 2–205 limited the number of beer permits outstanding at any time to four, and four permits had been issued and were then in effect. On appeal, the circuit judge affirmed that action without specifying the reason. Several issues were tried below and briefed on this appeal, but in oral argument counsel for appellees conceded that the only issue is whether Ordinance 101, amending Ordinance 2–205 by reducing allowable permits from five to four[1] and passed by the city on 10 January 1978, was validly enacted, in view of the publication requirements at that time of Tenn.Code Ann. § 6–213, renumbered § 6–2–102.

On 10 January 1978, the statutory requirement with respect to publication of ordinances, prior to becoming effective, read as follows:

> **6–213. Publication of ordinances—Codification.**—Each ordinance shall be published once prior to its effective date, in a newspaper of general circulation in the municipality. The board of mayor and aldermen shall codify all ordinances at least once every ten (10) years.

In *Biddle v. Town of Farragut*, 646 S.W.2d 925 (Tenn.App.1982), the trial judge held that Tenn.Code Ann. § 6–2–102 (Tenn. Code Ann. § 6–213 renumbered, without change) required publication after its final passage and before its effective date. The Court of Appeals disagreed and held that publication at anytime before the effective date of the ordinance complied with the statute and validated the ordinance. The Court of Appeals held that the statute having failed to specify whether publication was required when the ordinance was in the "proposed" stage or in the "passed" stage, that result was required because an earlier version of that section specifically required publication of ordinances "as passed." This Court denied permission to appeal on 22 February 1983.

---

**1.** The ordinance limited beer permits to one per 500 population, or any part thereof, and the 1978 amendment, if valid, provided for one per 600 population, and would have reduced the allowable permits from 5 to 4.

The legislature amended Tenn.Code Ann. § 6–2–102 by enactment of Public Acts 1984, Chapter 811, Section 1, and as amended that section reads as follows:

6–2–102. **Publication of ordinances —Codification.**—(a) Each ordinance, or the caption and a complete summary of each ordinance, shall be published after its final passage in a newspaper of general circulation in the municipality. No ordinance shall take effect until the ordinance or its caption and summary is published.

(b) The board of mayor and aldermen shall codify all ordinances at least once every ten (10) years.

Appellant offered proof that the city had failed to publish ordinance 101, the amendment that would have reduced the beer permit limit from five to four, at any time, either as a "proposed" or a "passed" ordinance. In its brief, the city admits that it "may not have published" the ordinance. In oral argument, the admission was made that it "did not" publish.

However the City insists that the failure to publish was "cured" by its compliance with subsection (b) of Tenn.Code Ann. § 6–2–102, requiring codification of "all ordinances" at least once every ten years. That position is untenable. The statute in effect in 1978 required publication before an ordinance could take effect. Since the 1984 amendment, the statute is even more explicit that no ordinance can take effect until publication. The statute does not expressly say that compliance with the codification of all ordinances every ten years will cure the failure to publish an ordinance that has not been published as required by subsection (a). Codification of "all ordinances" obviously means all ordinances that have been validly enacted in compliance with the law.

We hold that because there was no publication of Ordinance 101 at any time, and that failure was not cured, Ordinance 2–205 of the City of Tazewell continued to authorize five beer permits at all time relevant to this case. Having conceded that appellants were otherwise qualified, their application must be granted.

The judgment of the trial court is reversed and this case is remanded to that court for the entry and enforcement of a decree ordering the City of Tazewell to issue a beer permit to appellants. Costs are adjudged against the city.

DROWOTA, C.J., and HARBISON, COOPER and O'BRIEN, JJ., concur.