IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2003 Session

## JJ & TK CORP., ET AL. v. BOARD OF COMMISSIONERS OF THE CITY OF FAIRVIEW, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 28885     R.E. Lee Davies, Chancellor**

---

**No. M2003-00087-COA-R3-CV - Filed April 14, 2004**

---

In this case the defendant, the Board of Commissioners of the City of Fairview, declined to grant a certificate of compliance to the plaintiffs, who sought to operate a retail liquor store at the entrance of Bowie Nature Park in Fairview, Tennessee.  The plaintiffs contend they met all the legal requirements in effect at the time of their application; and that the defendant based its decision on a pending ordinance which required a minimum distance of 1000 feet between liquor stores and public parks.  The trial court granted summary judgment for the defendant.  We reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal; Judgment of the Chancery Court Reversed**

JAMES L. WEATHERFORD, SR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, and PATRICIA J. COTTRELL, JJ. joined.

A. Scott Derrick and Phillip P. Welty, Nashville, Tennessee, for the appellants,  JJ & TK Corp., Joanne McCord, Jeff McCord, Kristin Mathes and Tim Mathes.

James D. Petersen, Franklin, Tennessee, for the appellees, Board Of Commissioners of the City of Fairview, Tennessee, Eddie Arney, Ken Brison, Wayne Hall, Mayor Darrell Mangrum, Vice-Mayor Stuart Johnson, and the City of Fairview Tennessee.

### OPINION

Plaintiffs, JJ & TK Corporation, a Tennessee corporation, its shareholders, officers and directors, are applicants for a retail liquor license to operate a retail liquor store within the city of Fairview.  As part of their application submitted to the Tennessee Alcoholic Beverage Commission, the plaintiffs must obtain a certificate of compliance signed by the local governmental authorities stating that the applicant is in compliance with local ordinances. *Tenn. Code Ann.* § 57-3-208.  The proposed location of the plaintiffs's liquor store was at the entrance to Bowie Nature Park in Fairview.

On November 15, 2001, the Fairview Beer Board appointed a committee to review the city's current ordinance prohibiting the issuance of beer licenses to establishments within 1,000 feet of the entrance to its public park, churches or other specified public facilities. The liquor ordinance then in effect provided:

> No license shall be issued to any retailer where the place of business of the licensee is located within fifty yards of a private residence, or is within one hundred yards of any church or two hundred yards of a school ground....

> No license shall be issued to any retail liquor dealer where the place of business of the licensee is located within three hundred yards of another retail liquor store.

Fairview Municipal Code § 8-103.

On January 17, 2002, the Beer Board discussed the inconsistency between the beer ordinance and the liquor ordinance and referred the question to the Board of Commissioners (hereinafter the defendant) to determine which ordinance should be amended.

On March 7, 2002, the plaintiffs appeared and requested the defendant to issue the certificate. They were advised to fill out an application and to bring it to the administrative committee meeting on March 14. The defendant adopted Bill 2002-4 on first reading, which reduced the distance requirement for beer licenses from 1,000 feet to more than 600 feet from the park entrance and required liquor stores to be more than 600 feet from the park entrance.

On March 9, 2002, the plaintiffs filed an application for the certificate with defendant. On March 14, 2002, the administrative committee voted to recommend to the defendant that the plaintiffs' application be denied because the proposed location was not in compliance with pending ordinance 2002-4. At its regular meeting on April 4, 2002, the defendant deferred action on both the plaintiffs' certificate and the pending ordinance until after receiving public input on the issue from a public workshop scheduled for April 11.

At the April 18, 2002 meeting, the defendant introduced and put up for 1st reading Bill 2002-6 which provided: "No retailer's license shall be issued to an applicant whose location is less than one thousand (1,000) feet from a church, school, licensed day care center or nursery, or public park." The ordinance passed on the first reading. The defendant again deferred the plaintiffs' application until the May 2, 2002 meeting.

On May 2, 2002, Bill 2002-6 passed the 2nd and final reading. On that same night the defendant unanimously voted in favor of a motion "to deny the [plaintiffs'] liquor application on the basis that it was too close to a public park."[1]

The plaintiffs filed a petition for writ of certiorari and complaint for declaratory judgment in chancery court asking the court to find that defendant's action was arbitrary, capricious and unreasonable in denying the certificate based on a pending ordinance that was not legally effective on May 2, 2002. The plaintiffs contended that the ordinance did not take effect until May 3, 2002, or 15 days after its first reading pursuant to *Tenn. Code Ann.* § 6-20-215. The plaintiffs filed a motion for judgment on the pleadings and asked the court to find that they were entitled to issuance of the certificate. The defendant filed a response accompanied by the Mayor's affidavit. The defendant asked for judgment on the pleadings or in the alternative for summary judgment. After giving the plaintiffs an opportunity to file affidavits, the trial court decided the case on summary judgment.

The trial court found that the defendant had the authority to deny the plaintiffs' application for a certificate based upon a pending ordinance which took effect the following day and that the defendant did not act arbitrarily, capriciously, or unreasonably. The trial court dismissed the petition for declaratory judgment and granted the defendant's motion for summary judgment.

The plaintiffs raise the following issue:

**Whether the trial court erred by holding that defendant had the authority to deny Plaintiffs' application for a certificate of compliance required by *Tenn. Code Ann.* § 57-3-208 (2002) based upon a pending ordinance which took effect the following day, and that in so denying Plaintiffs a certificate of compliance, whether Defendant acted arbitrarily, capriciously, and unreasonably under the law of the State of Tennessee.**

In its memorandum opinion, the trial court stated: "Plaintiffs concede they would have no argument on this issue if the City had waited twenty-four hours before denying their application. As such, plaintiffs' argument amounts to elevating form over substance, which this Court cannot condone." The trial court also pointed out that the concerns about the location of beer and liquor stores near the entrance to the park were made public months before the plaintiffs filed their application; and the City conducted public hearings on the issue while the application was pending.

---

[1]The minutes of the meeting read as follows: "Arney then made a motion to deny the liquor application on the basis that it is too close to a public park. Hall seconded the motion. Brison asked if they should vote on the application using the old liquor ordinance or the new ordinance they just adopted. Petersen stated that it was at the discretion of the Board on which ordinance they used. Hall stated that when he was appointed in January, Arney mentioned at the Beer Board that they needed to make the beer and alcohol regulations the same. Vote on motion. All were in favor of denying the liquor store application."

Construction of a statute is a question of law which the appellate courts review *de novo* without a presumption of correctness. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000). In interpreting statutes, this court is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope. *Hathaway v. First Family Financial Services, Inc.*, 1 S.W.3d 634, 640 (Tenn. 1999). The "[l]egislative intent must be ascertained from the natural and ordinary meaning of the statutory language, 'read in context of the entire statute, without any forced or subtle construction which would extend or limit its meaning.'" *State v. Butler*, 980 S.W.2d 359, 362 (Tenn. 1998); *Chrisman v. Hill Home Development, Inc.*, 978 S.W.2d 535, 540 (Tenn. 1998).

*Tennessee Code Annotated* § 57-3-208(b) provides in pertinent part:

The certificate must state:

(2) That the applicant or applicants have secured a location for the business which complies with all restrictions of any local law, ordinance, or resolution, duly adopted by the local jurisdiction, as to the location of the business;

(3) That the applicant or applicants have complied with any local law, ordinance or resolution duly adopted by the local authorities regulating the number of retail licenses to be issued within the jurisdiction.

*Tenn. Code Ann.* § 57-3-208(b)(2)-(3).

*Tennessee Code Annotated* § 6-20-215[2] provides in pertinent part:

(a) Every ordinance shall be read two (2) different days in open session before its adoption, and not less than one (1) week shall elapse between first and second readings, and any ordinance not so read shall be null and void....

(b) An ordinance shall not take effect until fifteen (15) days after the first passage thereof, except in case of an emergency ordinance. An emergency ordinance may become effective upon the day of its final passage; provided, that it shall contain the statement that an emergency exists and shall specify with distinctness the facts and reasons constituting such an emergency.

*Tenn. Code Ann.* § 6-20-215.

The statute provides that an ordinance **shall not** take effect until 15 days after its first passage. "[W]hen the word 'shall' is used in statutes it is ordinarily construed as being mandatory

_____

[2]The Fairview City Manager-Commission Charter adopts the the language of this statute as its own § 6-2-215, and § 1-106 of the Fairview Municipal Code also mandates this procedure for passage and effectiveness of ordinances.

and not discretionary." *Gabel v. Lerma,* 812 S.W.2d 580, 582 (Tenn. Ct. App. 1990). The statute does allow for the adoption of an "emergency ordinance" which could take effect in a shorter period of time; but that provision is not applicable to this case. The defendant passed ordinance 2002-6 on the first reading on April 18, 2002. This ordinance did not take effect until May 3, 2002 or 15 days after the first passage pursuant to the statute. The defendant denied the plaintiffs' application based on ordinance 2002-6 on May 2, 2002.

The defendant cites two zoning ordinance cases as support for denying the plaintiffs' application based on a pending ordinance. *State ex rel. SCA Chemical Waste Servs., Inc.*, *v. Konisberg,* 636 S.W.2d 430 (Tenn. 1982) and *State ex rel. First American Bank v. City of Franklin Mun. Planning Comm.*, No. 0l-A-01-9408-CH-00394, 1996 Tenn. App. LEXIS 175 (Tenn. Ct. App. Mar. 21, 1996). Both of these cases involve the deferral of action or the refusal to grant permission by a governmental authority during the time period in which a new ordinance was pending.[3] In the *SCA Chemical* case, the Tennessee Supreme Court stated: "We hold that the county acted properly and had authority to suspend the issuance of permits for such construction **pending the effective date of its new joint ordinance resolution.**" *SCA Chemical*, 636 S.W.2d at 437. Here the Defendant denied the application based on the pending (but as yet ineffective) ordinance. *See Claiborne Country Club v. City of Tazewell*, 782 S.W.2d 476 (Tenn 1990) (denial of beer permit based on ordinance reducing number of beer permits from 5 to 4 held invalid because ordinance had not been published in accordance with statute and court also ordered issuance of permit as applicants met requirements of the effective ordinance)

"Generally speaking, proceedings under an ordinance between the date of its passage and the date it takes effect are void." 5 Eugene *McQuillin, The Law of Municipal Corporations* § 15.39 (3rd ed. 1996). *See Fee v. Bornhorn,* 251 S.W.2d 230 (Ky. 1952)(police chief appointment made by acting city manager several hours prior to effective date of resolution removing incumbent city manager from office held invalid).

After reviewing the record in this case, we find that the defendant's action denying plaintiffs' application based upon the pending ordinance to be void. The plaintiffs met all of the requirements of the ordinance in effect at the time of the denial of their application. Under these circumstances, the application should have been granted as plaintiffs met all other requirements for the certificate.

The judgment of the trial court is reversed and this case is remanded for the entry and enforcement of a decree ordering the City of Fairview to issue a certificate of compliance to the plaintiffs. Costs are taxed to the city.

_____
JAMES L. WEATHERFORD, SR.J.

---

[3]Plaintiffs did not contest the defendant's authority to defer action upon the application within the 60 day limitation mandated by *Tenn. Code Ann.* 57-3-208(e); nor did they claim a "vested right" to issuance of the certificate under prior ordinance because they filed their application prior to the adoption of Ordinance 2002-6.