IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 25, 2008 Session

## ALENA WHARTON v. ROBERT WHARTON

**Direct Appeal from the Chancery Court for Crockett County
No. 8167    George R. Ellis, Chancellor**

———————————————

**No. W2007-01972-COA-R9-CV - Filed February 6, 2008**

———————————————

This interlocutory appeal arises from a petition for contempt to enforce a child support order. Although it is undisputed that neither the parents nor the child who is the subject of the support order in this case resided in Crockett County for at least six months prior to the filing of the current petition, the trial court denied Mother's request under Tennessee Code Annotated § 36-5-3003 to transfer the matter to Dyer County, where the child resides with Father. We reverse, remand, and order the matter transferred.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Chancery Court
Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Gregory W. Minton, Medina, Tennessee, for the appellant, Alena Wharton.

Sam J. Watridge, Humboldt, Tennessee, for the appellee, Robert Wharton.

Robert E. Cooper, Jr., Attorney General and Reporter and Lauren S. Lamberth, Assistant Attorney General, for the Intervenor.

**OPINION**

The facts relevant to our disposition of this interlocutory appeal are undisputed. The parties, Alena Wharton ("Mother") and Robert Wharton ("Father") were divorced in Crockett County Chancery Court in 2002. At the time of the divorce, however, the parties resided in Dyer County and their child was born in Dyer County. Pursuant to the decree of divorce, the parties shared custody of their minor child and neither parent was ordered to pay child support.

The parties' post-divorce relationship has been somewhat fluid with respect to child custody and child support, and they have appeared in the Crockett County Chancery Court for several post-

divorce proceedings. In September 2005, the chancellor entered a revised parenting plan designating Father as primary residential parent and ordering Mother to pay child support. It is from this 2005 order that the current dispute arises.

In February 2007, Father filed a petition for contempt in the Crockett County Chancery Court seeking enforcement of the court's 2005 order. When Father filed his petition, he and the child continued to reside in Dyer County and Mother had relocated from Dyer County to Kentucky. In March 2007, Mother filed a request for transfer of the matter to Dyer County Chancery Court; Father objected to the transfer. The trial court denied Mother's request for transfer on the basis that Mother had no standing to use the applicable transfer statutes because she is a resident of Kentucky and not Dyer County; that the custodial parent (Father) and the child are residents of Dyer County and Father objects to the transfer; that Mother waived her right to transfer by submitting to the jurisdiction of the court. The trial court granted permission for interlocutory appeal, and in August 2007 Mother filed an application for permission to appeal to this Court pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We granted permission to appeal and now reverse the trial court, remand, and order the matter transferred to the Dyer County Chancery Court.

### *Issues Presented*

We certified the following issues for interlocutory appeal:

(1)    Whether the trial court erred in holding that Mother had no standing to use the applicable transfer of venue statutes since she is a resident of the State of Kentucky and not a Dyer County, Tennessee resident.

(2)    Whether Mother waived her right to transfer venue by submitting to the jurisdiction of the Crockett County Chancery Court in this matter.

(3)    Whether it is mandatory that the Chancery Court of Crockett County transfer this matter to the Chancery Court of Dyer County pursuant to the applicable transfer statutes, more specifically T.C.A. 36-5-3001, *et seq.*

In his brief to this Court, Father raises the additional issue of whether Tennessee Code Annotated §§ 36-5-3003, 36-5-3007, and 36-5-3008 unconstitutionally violate the separation of powers requirement of the Tennessee Constitution.[1]

### *Standard of Review*

The issues raised here require us to construe the applicable transfer statutes contained in title 36, chapter five. The construction of a statute is a question of law which we review *de novo*, with

---

[1]We granted the Attorney General's motion to intervene to address Father's constitutional challenges.

no presumption of correctness attached to the determination of the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

The rules governing statutory construction are well-established. When interpreting a statute, the court is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Hathaway v. First Family Fin. Servs., Inc.*, 1 S.W.3d 634, 640 (Tenn. 1999) (citations omitted). We must ascertain the intent of the legislature from the natural and ordinary meaning of the statutory language and in context of the entire statute, without forcing a construction that would limit or expand its scope. *JJ & TK Corp. v. Bd. of Comm'rs*, 149 S.W.3d 628, 630-31 (Tenn. Ct. App. 2004) (citations omitted). When the language of a statute is clear, we must utilize the plain, accepted meaning of the words used by the legislature to ascertain the statute's purpose and application. If the wording is ambiguous, however, we must look to the entire statutory scheme and at the legislative history to ascertain the legislature's intent and purpose. We must construe statutes in their entirety, assuming that the legislature chose the words of the statute purposely, and that the words chosen "convey some intent and have a meaning and a purpose" when considered within the context of the entire statute. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) (citations omitted). With these rules in mind, we turn to the issues presented.

*Analysis*

We begin with Father's constitutional challenge to the applicable transfer statutes. As the Attorney General asserts, Father did not raise his constitutional challenge in the trial court. Our supreme court has noted:

> It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion.

*Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). The transfer statutes in this matter are not obviously unconstitutional on their face. Further, the issues that may be raised in interlocutory appeals brought to this Court pursuant to Rule 9 of the Rules of Appellate Procedure are limited to the issues certified in the trial court's order granting permission for interlocutory appeal and in this Court's order granting it. *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000)(citations omitted). Although our order granting permission for appeal in this case did not delineate the issues to be addressed on appeal, Father neither sought nor received permission from this Court to raise his challenge to the constitutionality of the statutes in this interlocutory appeal. Accordingly, the issue raised by Father regarding the constitutionality of the transfer statutes is not properly before this Court.

We next turn to whether the trial court erred by denying Mother's request to transfer this matter to Dyer County pursuant to Tennessee Code Annotated § 36-5-3003. The section provides:

> **Transfer of support or custody cases. - -** (a) Except as provided in § 36-5-3001(b), a case that includes child support or custody provisions may be transferred between counties in this state without the need for any additional filing by the party seeking transfer, and without service of process upon the non-requesting party, by the filing of a request by the requesting party as set forth herein.
>
> (b) Upon receipt of a request, the case must be transferred by the clerk of the issuing court, without order of the court, to a court of competent jurisdiction in the county where the child or children reside if each of the following applies:
>
> (1) Neither the child or children, custodial parent/obligee, nor the non-custodial parent/obligor currently reside in the issuing county; and
>
> (2) The child or children who are subject to the support or custody order currently reside in the county to which the case is to be transferred and have resided there for at least six (6) months.
>
> (c) A case may also be transferred for modification of support or custody to any court of competent jurisdiction in the county in which the non-custodial parent/obligor resides in this state with no six-month residency period if both the child or children subject to the support or custody order and the custodial parent/obligee reside outside this state and the custodial parent/obligee does not object after the provision of notice pursuant to § 36-5-3004. If objection is made, or if the requesting party does not seek immediate transfer without the six (6) month residency period, the requesting party may obtain transfer for modification of the order by demonstrating that the custodial parent/obligee and the child or children have resided outside this state for at least six (6) months. A transfer pursuant to this subsection (c) shall be initiated by written request of the requesting party or department pursuant to the provisions of this part.
>
> (d) If the case has been transferred pursuant to this part, the fact that one of the parties or the child returns to the transferor county does not, by that fact alone, confer jurisdiction upon the previous transferor court. A transfer to the original issuing court requires compliance with the procedures of this part.
>
> (e)(1) "Custodial parent" for purposes of this part means the person with whom the child resides a majority of the time in a situation where there is an order of joint custody or where there exist parenting plans pursuant to chapter 6, part 4 of this title that address issues of custody.
>
> (2) "Custodial parent" for purposes of this part also includes, in addition to a biological or legal parent having legal custody of a child, an individual to whom legal custody of the child or children has been given by a court of competent jurisdiction.

Tenn. Code Ann. § 36-5-3003(2005).

Father's argument as presented in his brief, as we understand it, is that Mother does not have standing under subsection (c) of the statute because she resides in Kentucky and not in Tennessee. However, although we agree that transfer under subsection (c) would not be proper in this case, where the non-custodial parent is not a Tennessee resident and where the custodial parent and the child are residents of this state, subsection (b) is the subsection applicable to this case. Under subsection (b), upon receipt of a request, the case *must* be transferred to the court of competent jurisdiction in the county where the child resides if neither the custodial nor non-custodial parent nor the child reside in the issuing county and if the child has resided in the transferee county for at least six months. It is undisputed that both conditions are met in this case.

The statute, moreover, does not limit standing to request a transfer to the custodial parent or to residents of Tennessee. Rather, subsection (a) provides that the matter may be transferred upon request of "the requesting party" as set forth in the statute. Tennessee Code Annotated § 36-5-3002 (10) defines "requesting party" to mean "custodial parent, non-custodial parent or, in Title IV-D child support cases, the department or its contractor." Accordingly, the trial court erred in its determination that Mother lacked standing to request transfer of this matter to Dyer County.

We next turn to whether Mother waived her right to transfer under the statute by submitting to the jurisdiction of the Crockett County Chancery Court in this matter. The trial court's reasoning, as we understand it, is that because Mother submitted to the jurisdiction of the Crockett County Chancery Court, waiving venue, when the divorce action was heard in 2002, waiving any objection based on venue in the divorce action, she has waived forever her right to request a transfer under the statute. We must again disagree.

The plain language of section 36-5-3003 unambiguously provides for mandatory transfer upon request when the provisions of the remainder of the statute are met. The statute contains no limitation for cases where the original order was entered despite the waiver of venue. In subsections (a) and (b), the General Assembly has mandated that, upon request, a case including child support or child custody provisions "must be transferred" to a court of competent jurisdiction in the county where the child resides in cases where neither the parents nor the child reside in the issuing county and where the child has resided in the county to which the case is to be transferred for at least six months. Tenn. Code Ann. §§ 36-5-3003(2005); see also Tennessee Code Annotated § 36-5-3004(1)(A)(2005); *In Re C.A.R.*, 215 S.W.3d 376, 380 (Tenn. Ct. App. 2006). In this case, therefore, transfer of the matter to the Dyer County Chancery Court, as requested by Mother, is mandatory.

### *Holding*

In light of the forgoing, we reverse and remand this matter to the trial court with instructions to transfer the matter to the Dyer County Chancery Court. Costs of this appeal are taxed to the Appellee, Robert Wharton.

_____
DAVID R. FARMER, JUDGE