IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 20, 2011 Session

## CURTIS MYERS v. AMISUB (SFH), INC., d/b/a ST. FRANCIS HOSPITAL, ET AL.

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. CT-004650-09      Jerry Stokes, Judge**

---

**No. W2010-00837-COA-R9-CV - Filed February 24, 2011**

---

The trial court denied Defendants' motion to dismiss in a medical malpractice action initially filed prior to the effective date of the notice and certificate of good faith provisions subsequently codified at Tennessee Code Annotated sections 29-26-121 and 29-26-122, and nonsuited and re-commenced after the effective date of the provisions despite Plaintiff's failure to fulfill the statutory requisites.  We granted permission to appeal pursuant to Rule 9 of the Rules of Appellate Procedure.  We reverse and remand for dismissal.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Joseph M. Clark and Edd Peyton, Memphis, Tennessee, for the appellants, Arsalan Shirwany, M.D. and East Memphis Pain Physicians, PLLC.

Marty R. Phillips and Michelle Greenway Sellers, Memphis, Tennessee, for the appellant, EM-I Medical Services, P.C.

W. Timothy Hayes, Jr. And Kimberly Cross Shields, Memphis, Tennessee, for the appellant AMISUB (SFH), Inc.

Bill M. Wade, Memphis, Tennessee, for the appellee, Curtis Myers.

**OPINION**

Curtis Myers (Mr. Myers) and Lisa Myers (Ms. Myers) filed a complaint for medical

malpractice against AMISUB (SFH), Inc., d/b/a St. Francis Hospital; Sheila B. Thomas, D.O.; Arsalan Shirwany, M.D.; UT Medical Group, Inc.; Larry K. Roberts, M.D.; and Memphis Physicians Radiological Group, P.C. on January 5, 2007, in the Circuit Court for Shelby County. They amended their complaint and added Tennessee EM-I Medical Services, P.C., and East Memphis Chest Pain Physicians, PLLC, on April 20, 2007. On August 24, 2007, Ms. Myers filed a notice of voluntary nonsuit pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. Mr. Myers took a voluntary nonsuit by order entered by the trial court on October 21, 2008. In the meantime, the General Assembly amended the Medical Malpractice Act and on October 1, 2008, Tennessee Code Annotated §§ 29-26-121 and 122 became effective. The statutes subsequently were amended effective July 1, 2009. *Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at *14 (Tenn. Ct. App. June 24, 2010), *perm. app. granted* (Tenn. Dec. 7, 2010), *perm. app. dismissed* (Tenn. Jan. 19, 2011). On September 30, 2009, Mr. Myers re-commenced his action within the one year provided by the savings statute codified at Tennessee Code Annotated § 28-1-105, naming AMISUB (SFH), Inc., d/b/a St. Francis Hospital; Sheila B. Thomas, D.O.; Arsalan Shirwany, M.D.; Tennessee EM-I Medical Services, P.C., and East Memphis Chest Pain Physicians, PLLC, as Defendants.

On November 5, 2009, Defendant Tennessee EM-I Medical Services filed a motion to dismiss that was joined by the remaining Defendants. In their motion, Defendants asserted Mr. Myers' action should be dismissed for failure to comply with Tennessee Code Annotated sections 29-26-121 and 29-26-122, where Mr. Myers had neither given 60 days notice nor filed a certificate of good faith as required by the sections. The trial court denied Defendants' motion by order entered on February 16, 2010. Defendants moved the trial court for permission to seek an interlocutory appeal pursuant to Rule 9 of the Rules of Appellate Procedure, which the trial court granted in April 2010. We granted Defendants' application for interlocutory appeal by order entered in July 2010.

### *Issues Presented*

We granted permission for interlocutory appeal in this matter to address three questions :

(1)     Whether a plaintiff who re-commences a medical malpractice action pursuant to the savings statute must comply with the notice provisions of Tennessee Code Annotated section 29-26-121 where the action was commenced prior to the effective date of the provision, but nonsuited and re-filed after the provision became effective.

(2)     Whether a plaintiff who re-commences a medical malpractice action

pursuant to the savings statute must comply with the certificate of good faith provisions of Tennessee Code Annotated section 29-26-122 where the action was commenced prior to the effective date of the provision, but nonsuited and re-filled after the provision became effective.

(3)     Whether the Plaintiffs in this case demonstrated "extraordinary cause" sufficient to excuse compliance with Tennessee Code Annotated sections 29-26-121 and 29-26-122.

### *Standard of Review*

A Rule 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint itself, and not the strength of the plaintiff's proof. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d, 691, 696 (Tenn. 2002)(citations omitted). The court must construe the complaint liberally, presuming all facts as alleged by plaintiff to be true and affording plaintiff the benefit of all reasonable inferences. *Id.* The trial court should not dismiss the complaint for failure to state a claim unless it appears that the plaintiff can prove no facts in support of the claim that would warrant relief. *Id.* "Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citations omitted). We review the trial court's award of a Rule 12.02(6) motion to dismiss *de novo,* with no presumption of correctness. *Id.* at 697. We likewise review questions of statutory construction *de novo*, with no presumption of correctness afforded to the determinations of the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

### *Discussion*

In his response to Defendants' motion to dismiss, Mr. Myers argued that Tennessee Code Annotated §§ 29-26-121 and 122 are not applicable to his cause of action because his initial lawsuit was filed before the provisions became effective. We must disagree with this assertion. The savings statute provides, in pertinent part:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions

court and subsequently re-commenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105 (2000). An action commenced pursuant to the savings statute is a "new action," and must be filed in conformance with the Rule 3 of the Tennessee Rules of Civil Procedure. *Old Hickory Eng'g and Mach. Co. v. Henry*, 937 S.W.2d 782, 784-85 (Tenn. 1996). When Mr. Meyer's re-filed his action in September 2009, he "commence[d] a new action" that was governed by the statutory provisions which became effective as amended on July 1, 2009. *See also Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651(Tenn. Ct. App. June 24, 2010)(applying section 29-26-121 to an action originally filed in 2007, nonsuited, and re-commenced on October 6, 2008).

The rules governing statutory construction are well-established. When interpreting a statute, the court is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Hathaway v. First Family Fin. Servs., Inc.*, 1 S.W.3d 634, 640 (Tenn. 1999) (citations omitted). We must ascertain the intent of the legislature from the natural and ordinary meaning of the statutory language and in context of the entire statute, without forcing a construction that would limit or expand its scope. *JJ & TK Corp. v. Bd. of Comm'rs*, 149 S.W.3d 628, 630-31 (Tenn. Ct. App. 2004) (citations omitted). When the language of a statute is clear, we must utilize the plain, accepted meaning of the words used by the legislature to ascertain the statute's purpose and application. If the wording is ambiguous, however, we must look to the entire statutory scheme and at the legislative history to ascertain the legislature's intent and purpose. We must construe statutes in their entirety, assuming that the legislature chose the words of the statute purposely, and that the words chosen "convey some intent and have a meaning and a purpose" when considered within the context of the entire statute. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004)(citations omitted).

Section 29-26-121 of the Tennessee Code provides:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
  (2) The notice shall include:
    (A) The full name and date of birth of the patient whose treatment is at issue;

-4-

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

(A) Personal delivery of the notice to the health care provider or an identified individual whose job function includes receptionist for deliveries to the provider or for arrival of the provider's patients at the provider's current practice location. Delivery must be established by an affidavit stating that the notice was personally delivered and the identity of the individual to whom the notice was delivered; or

(B) Mailing of the notice:

(i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health website and the provider's current business address, if different from the address maintained by the Tennessee department of health; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient; or

(ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the

location where the provider last provided a medical service to the patient.

(4) Compliance with the provisions of subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

(b) If a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for medical malpractice, nor shall more than one (1) extension be applicable to any provider. Once a complaint is filed alleging a claim for medical malpractice, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault.

(d)(1) All parties in an action covered by this section shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving notice. A party shall provide a copy of the specified portions of the claimant's medical records as of the date of the receipt of a legally authorized written request for the records within thirty (30) days thereafter. The claimant complies with this requirement by providing the providers with the authorized HIPAA compliant medical authorization required to accompany the notice. The provider may comply with this section by:

(A) Mailing a copy of the requested portions of the records with a statement for the cost of duplication of the

records to the individual requesting the records;

        (B) Informing the individual requesting the records that the records will be mailed only upon advance payment for the records for the stated cost of the records, calculated as provided in § 63-2-102. Any request for advance payment must be made in writing twenty (20) days after the receipt of the request for medical records. The provider must send the records within three (3) business days after receipt of payment for the records; or

        (C) Fulfilling such other method that the provider and the individual requesting the records agree to in writing.

(2) The records received by the parties shall be treated as confidential, to be used only by the parties, their counsel, and their consultants.

(e) In the event that a complaint is filed in good faith reliance on the extension of the statute of limitations or repose granted by this section and it is later determined that the claim is not a medical malpractice claim, the extension of the statute of limitations and repose granted by this section is still available to the plaintiff.

Tenn. Code Ann. § 29-26-121 (Supp. 2010).  Section 29-26-122 of the Code provides:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

        (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

        (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

        (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

        (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that

upon information and belief they:

      (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

      (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

(b) Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendant's counsel shall file a certificate of good faith stating that:

(1) The defendant or defendant's counsel has consulted with one (1) or more experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

      (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

      (B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to allege such fault against another consistent with the requirements of § 29-26-115; or

(2) The defendant or defendant's counsel has consulted with one (1) or more medical experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

      (A) Are competent under § 29-26-115 to express an opinions or opinions in the case; and

(B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the information reasonably available to the defendant or defendant's counsel; and that, despite the absence of this information, there is a good faith basis for alleging such fault against another, whether already a party to the action or not, consistent with the requirements of § 29-26-115.

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no defendant, except for a defendant who complied with this section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

(d)(1) Subject only to subdivision (d)(2), the written statement of an expert relied upon in executing the certificate of good faith is not discoverable in the course of litigation.

(2) If a party in a medical malpractice action subject to this section prevails on the basis of the failure of an opposing party to offer any competent expert testimony as required by § 29-26-115, the court may, upon motion, compel the opposing party or party's counsel to provide to the court a copy of each such expert's signed written statement relied upon in executing the certificate of good faith. The medical experts may be compelled to provide testimony under oath, as determined by the court, for the purposes of determining that party's compliance with subsection (a) or (b).

(3) If the court, after hearing, determines that this section has been violated, the court shall award appropriate sanctions against the attorney if the attorney was a signatory to the action and against the party if the party was proceeding pro se. The sanctions may include, but are not limited to, payment of some or all of the attorney's fees and costs incurred by a party in defending or responding to a claim or defense supported by the non-complying certificate of good faith. If the signatory was an attorney, the court shall forward the order

to the board of professional responsibility for appropriate action. Upon proof that a party or party's counsel has filed a certificate of good faith in violation of this section in three (3) or more cases in any court of record in this state, the court shall, upon motion, require the party or party's counsel to post a bond in the amount of ten thousand dollars ($10,000) per adverse party in any future medical malpractice case to secure payment of sanctions for any violation of this section in such case.

(4) A certificate of good faith shall disclose the number of prior violations of this section by the executing party.

(5) The administrative office of the courts shall develop a certificate of good faith form to effectuate the purposes of this section.

Tenn. Code Ann. § 29-26-122 (Supp. 2010).

Under sections 29-26-121(b) and 29-26-122(a), the trial court has the discretion to excuse compliance with the sections only when extraordinary cause is demonstrated. In *Howell*, we held that, in an action first filed before the effective date of the statute, nonsuited, and re-commenced only five days after the date the statute became effective on October 1, 2008, the trial court erred by not excusing compliance with the notice provisions of section 29-26-121. *Howell v. Claiborne and Hughes Health Ctr.*, No. M2009-01683-COA-R3-CV, 2010 WL 2539651, at *17 (Tenn. Ct. App. June 24, 2010). In so holding, we found that the defendants had notice of the claims against it by virtue of the claim previously filed. *Id.* at *16. We adopted the reasoning of the federal district court in *Jenkins v. Marvel*, holding that the legislative intent of the notice provisions were met where the defendant had notice of the claims against it and ample time to investigate and possibly settle the claim. *Id.* at *16-17 (citing *Jenkins v. Marvel*, 683 F.Supp.2d 626 (E.D. Tenn. Jan. 14, 2010)).

We note, however, that both *Howell* and *Jenkins* were claims that were re-filed only days after the notice provisions went into effect in 2008. Further, in both cases, the plaintiffs filed the certificate of good faith required by Tennessee Code Annotated § 29-26-122. Thus the legislative purposes of the statutory provisions were accomplished in both cases where Defendants had actual notice of the claims asserted against them, ample opportunity to settle the claims, and the merits of the claims had been demonstrated. *Jenkins*, 683 F.Supp.2d at 639; *Howell*, 2010 WL 2539651, at *16-17. In *Howell*, moreover, our holding was predicated on the "unique circumstances of [that] case." *Howell*, 2010 WL 2539651, at *17.

The "unique circumstances" present in *Howell* and *Jenkins* are not present in this case, however. Mr. Myers voluntarily dismissed his original lawsuit after the statutory provisions became effective. He re-filed his claim on September 30, 2009, a full three months after the amendments to the provisions became effective. Although, as the *Jenkins* court observed,

"good cause" is not defined by the statute, in this case, no reason has been proffered by Mr. Myers which would excuse compliance with the notice provisions. In his brief to this Court, Mr. Myers asserts only that the notice requirement prescribed by the statute is not necessary where the Defendants had "forewarning that they could possibly face a lawsuit" and an opportunity to settle the matter more than 60 days prior to the filing of his September 2009 complaint. (Brief at 4) His argument, as we perceive it, is that the requisites of the statute are not mandatory where Defendants have not demonstrated prejudice.

In *DePue v. Schroeder*, we recently held that the statutory requisites of section 29–26-121 were not satisfied where the plaintiff filed his complaint 53 days after sending the requisite notice to the defendants. *DePue v. Schroeder*, No. E2010-00504-COA-R9-CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011). The plaintiff in *DePue* argued that she had complied with the spirit of the statute, and the trial court denied defendants' motion to dismiss on the grounds that there had been substantial compliance with the statute and that no prejudice had resulted from the premature filing of the complaint. *Id.* We held that, although the plaintiff had filed a certificate of good faith demonstrating that the claim had merit, and although the premature filing of the complaint was due to attorney over-sight, there was no showing of "extraordinary cause" that would excuse compliance with the statute. We stated that the unambiguous language of the statute indicated the legislature's intent that compliance be mandatory. *Id.*

Mr. Myers additionally asserts that a certificate of good faith was not required in this case. He argues that his claim was "more than amply vetted and screened for merit before it was filed," and that the proceedings in the previously filed lawsuit served the statutory purpose of "weeding out" a lawsuit that lacked merit. In *Barnett v. Elite Sports Medicine*, however, we applied the certificate of good faith requirements mandated by section 29-26-122 to an action initiated prior to the effective date of the statute as amended, nonsuited, and re-filled subsequent to the effective date. *Barnett v. Elite Sports Med.,* No. M2010-00619-COA-R3-CV, 2010 WL 5289669 (Tenn. Ct. App. Dec. 17, 2010). Upon review of the record in *Barnett*, we determined that the plaintiff had failed to demonstrate the extraordinary cause necessary to excuse the filing of the certificate of good faith. *Id.* at *3. Again, the statute is clear. The certificate of good faith can be waived only upon a showing of extraordinary cause. Mr. Myers finally asserts that the trial court was "justified in waiving" the requirements of sections 29-26-121 and 122 "due to the previous two years of litigation." He cites *Jenkins v. Marvel* in support of the proposition that the voluntary dismissal and re-filing of an action gives rise to a "unique circumstance" that is tantamount to "extraordinary cause." We must disagree.

As noted above, *Jenkins* and *Howell* involved actions that were re-filed within days of the effective date of the statute. Further, the plaintiffs in both cases filed the required

certificates of good faith.  In the present case, Mr. Myers references no cause justifying waiver of the statutory mandates other than the existence of his original lawsuit, which was nonsuited after sections 29-26-121 and 122 became effective, and re-filed 90 days after the July 1, 2009, effective date of the amendments.  Mr. Myers has demonstrated no cause that would support waiver of the statutes, much less extraordinary cause.  Thus, it was not within the discretion of the trial court to waive the requisites of Tennessee Code Annotated §§ 29-26-121 and 29-26-122 in this case.

### *Holding*

In light of the foregoing, the judgment of the trial court is reversed, and we remand this matter to the trial court for dismissal.  Costs of this appeal are taxed to the appellee, Curtis Myers.


_____
DAVID R. FARMER, JUDGE