**In re Conservatorship of Lula A. WEBB.**

**Henry M. WEBB, Elaine W. Wade, Norma W. Cooper and Lois W. Douglas, Petitioners-Appellees,**

v.

**Lula A. WEBB, Respondent-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

March 6, 1984.

Application for Permission to Appeal Denied by Supreme Court July 2, 1984.

Glenn R. Copeland, Chattanooga, for respondent-appellant.

N.B. Hargreaves, Jr., Sandra K. McCrea, Chattanooga, for petitioners-appellees.

## OPINION

GODDARD, Judge.

A single question is presented by this appeal. Does the limited guardianship proceedings for Disabled Persons Law, T.C.A. 34-12-101—118 and specifically T.C.A. 34-12-117,[1] require the Court to adjudge the guardian ad litem fee and attorney fee for the Respondent against the Petitioners?

Henry M. Webb and others, Petitioners-Appellees, filed a suit in the Chancery Court for Hamilton County, seeking to have their mother, Lula A. Webb, Respondent-Appellant, declared a disabled person. Her interests were represented by an attorney employed by her, as well as a guardian ad litem. At the conclusion of the hearing the Court determined that Mrs. Webb was competent to handle her own affairs and dismissed the petition. He thereupon assessed one-half of the guardian ad litem fee against her and declined to require the Petitioners to pay her counsel's fee of some $2800.

Counsel for Mrs. Webb argues that in view of the fact that subsection (a) under 34-12-117, when speaking of costs, provides that they include attorney fees for the petitioner's attorney and the adversary counsel, the use of the word "cost" in section (b) contemplates the same items. He also argued that such a construction would discourage the bringing of groundless and vexatious suits.

Counsel for the Petitioners counter that subsection (a) in reality is a codification of the case law [2] which allows attorney fees to be awarded in certain cases where a fund, such as the estate of an incompetent, is before the Court, and that had the Legislature intended that the word "cost," as used in subsection (b), to include attorney fees, it most certainly could have inserted the language as it did in subsection (a). Counsel also points out, and we agree, that the purpose of an action under the statute is to benefit the Respondent, and that the Petitioners could in no way profit directly from this proceeding.[3]

While we agree that persuasive arguments can be made for both positions, we are persuaded that given the rule relative to awarding of attorney fees, the construction found by the Chancellor was correct.

As to the guardian ad litem fee, Rule 17.03 of the Tennessee Rules of Civil Procedure provides the Court may in its discretion allow a guardian ad litem's fee which is to be taxed as costs. Under the provisions of T.C.A. 20-12-119 and Rule 54.04 of the Tennessee Rules of Civil Procedure, the allowance of costs is within the discretion of the Court. We do not find an abuse of discretion in the Court's action in taxing one-half of the guardian ad litem's fee to Mrs. Webb, nor do we find it was the legislative intent to curb the discretion afforded the Trial Court under the provisions of the Statute and the Rule by the subsequent enactment of T.C.A. 34-12-117.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of the costs below. Costs of

---

1. *34-12-117. Costs.*—(a) If a limited guardian is appointed, the costs of the proceedings including attorneys fees for the petitioner's attorney and the adversary counsel, the mandatory examination required by § 34-12-108(a) and the bond cost shall be the responsibility of the disabled person in such amount as set by the court. Only the disabled person's property in excess of the maximum allowable supplemental security income eligibility level shall be used to pay any costs.

(b) If a limited guardian is not appointed, the cost of the proceedings shall be borne by the petitioner.

2. *Marshall v. Sevier County,* 639 S.W.2d 440 (Tenn.App.1982); *Fifth Third Co. v. Mooreland Estates, Etc.,* 639 S.W.2d 292 (Tenn.App.1982).

3. We recognize that the Petitioners might profit indirectly by preserving a fund, which their mother might otherwise dissipate, with the expectancy of inheriting it should she not have made a different disposition by will.

appeal are adjudged against Mrs. Webb and her surety.

PARROTT, P.J., and FRANKS, J., concur.