IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 24, 2011 Session

## IN RE: THE CONSERVATORSHIP OF PAUL ESTIL LINDSEY

**Direct Appeal from the Probate Court for Shelby County**
**No. D8786     Karen D. Webster, Judge**

---

**No. W2011-00196-COA-R3-CV - Filed September 16, 2011**

---

This is an action to establish a conservatorship. The trial court assigned one-half of Petitioner's attorney's fees and fees of the guardian ad litem to Respondent, although Respondent died before the matter was fully adjudicated and no fiduciary was appointed. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Richard W. Parks, Memphis, Tennessee, for the appellant.

Felix H. Bean, III, Memphis, Tennessee, for the appellee.

### OPINION

This appeal arises from a petition to establish a conservatorship which was dismissed upon the death of the Respondent and before the bifurcated hearing before the trial court was concluded. On appeal, Respondent/Appellant asserts, *inter alia*, that the trial court erred by assigning one-half of Petitioner's attorney's fees and one-half of the costs of the *guardian ad litem* to the Petitioner/Appellee because, pursuant to Tennessee Code Annotated § 34-1-114, fees and costs may be awarded only upon the appointment of a fiduciary. Finding no basis in the statute for the assessment of guardian ad litem fees and Petitioner's attorney's fees to Respondent in this case, we reverse.

## *Background*

On January 28, 2010, Petitioner/Appellee Nova Gayle Pannell (Ms. Pannell) filed a petition in the Probate Court of Shelby County for the appointment of a conservator for her brother, Paul Estil Lindsey (Mr. Lindsey). In her petition, Ms. Pannell alleged that Mr. Lindsey was recently in the hospital, that he suffered from dementia and violent episodes, and that he was in a wheel chair and presently unable to sit up on his own. Ms. Pannell proposed that she be appointed conservator. On January 28, 2010, the probate court appointed a guardian ad litem ("GAL") and set a hearing for February 22, 2010. On February 1, 2010, counsel for Mr. Lindsey filed a notice of appearance and motion to rescind the order appointing the GAL, asserting Mr. Lindsey was not disabled within the meaning of Tennessee Code Annotated § 34-1-101, *et. seq.*; that he was represented by private counsel; that a guardian ad litem was unnecessary; and that Mr. Lindsey intended to contest the need for an appointment of a fiduciary and the appointment of Ms. Pannell. Mr. Lindsey filed an amended motion on February 18, moving to dismiss Ms. Pannell's petition.

The GAL filed an answer on February 19, neither admitting nor denying Ms. Pannell's allegations. On February 19, the GAL also filed a report stating that no physician's affidavit or medical report had been filed, but that the GAL had been informed by Mr. Lindsey's physician's nurse that Mr. Lindsey was competent as long as he took his medication properly. The GAL attached a confirming fax from Mr. Lindsey's physician, Jerry Floyd, M.D. (Dr. Floyd), to his report. The GAL stated that he was unable to determine at that time whether Mr. Lindsey understood the proceedings, and that he also was unable to determine whether the appointment of a fiduciary would be in Mr. Lindsey's best interests. He recommended that Mr. Lindsey undergo an independent psychological examination. Following a hearing on February 22, 2010, the probate court determined that sufficient evidence had been presented for the court to consider whether the appointment of a fiduciary would be in Mr. Lindsey's best interest. The court reaffirmed the appointment of the GAL and ordered counsel for Mr. Lindsey and Ms. Pannell to provide the GAL with names of psychiatrists to examine Mr. Lindsey. The court ordered Mr. Lindsey to undergo an examination on or before April 5, 2010. The probate court further ordered that if the parties did not schedule an appointment by April 5, the GAL would make an appointment with Robert Burns, M.D. (Dr. Burns) and schedule an examination for the earliest date possible. The probate court also ordered Mr. Lindsey to file any executed power of attorney or health care directives.

Ms. Pannell filed an undated, unwitnessed revocation of power of attorney purportedly executed by Mr. Lindsey in January 2010, revoking all powers of attorney, including any naming his son, Gregory Lindsey ("Gregory") as his attorney-in-fact. On March 31, she also filed a motion stating that Gregory was Mr. Lindsey's attorney-in-fact under a general and durable power of attorney executed "many years ago," and moved for an accounting.

In May 2010, Dr. Burns advised the court in writing that he believed Mr. Lindsey was in need of a conservator, but that Mr. Lindsey had the ability to decide who he wanted to manage his affairs. Dr. Burns stated that Mr. Lindsey had stated that he wanted his son to manage his affairs, and that he did not want Ms. Pannell to be named conservator. Dr. Burns stated that Mr. Lindsey had confided his selection without his son present. In July 2010, Mr. Lindsey filed dated, notarized durable powers of attorney dated November 7, 2005, and March 12, 2010, in which he appointed his son Gregory as his attorney-in-fact. Mr. Lindsey also filed an affidavit of his examining physician, Dr. Floyd. In his July 2010 affidavit, Dr. Floyd stated that he had examined Mr. Lindsey on March 5, March 15, and April 19, 2010. Dr. Floyd reaffirmed his February 2010 opinion that Mr. Lindsey was capable of making his own decisions.

On August 27, 2010, Mr. Lindsey notified the court that he intended to offer additional medical proof and moved the court to reconsider all issues or, in the alternative, for a judgment on the pleadings. In his motion, Mr. Lindsey asserted that Dr. Burns had opined that he was competent to name his own fiduciary, and that he had submitted two executed durable powers of attorney naming his son Gregory as his attorney in fact. On August 30, Ms. Pannell filed an objection to Mr. Lindsey's motion on the grounds that it was untimely under Rule 6 of the Tennessee Rules of Civil Procedure where the matter was set to be heard on September 21, 2010. On September 8, 2010, Ms. Pannell filed a declination to serve as conservator.

The GAL filed a supplemental report on September 15, 2010. In his report, the GAL stated that he had interviewed Mr. Lindsey without Gregory being present. The GAL stated that Mr. Lindsey recalled his personal information and stated that he was a diabetic and had high blood pressure. The GAL reported that Mr. Lindsey was aware of his finances, property and debts, including 24 rental homes, mortgages, and outstanding taxes. The GAL further reported that Mr. Lindsey stated that Gregory took care of him, and that Ms. Pannell was motivated by greed. The GAL stated that Mr. Lindsey had a "limited understanding of the nature of [the] proceedings." The GAL recommended the appointment of a fiduciary for Mr. Lindsey, and further recommended that the Aging Commission or Public Guardian be appointed conservator. On September 21, Mr. Lindsey filed a notarized affidavit dated April 17, 2010. In his affidavit, Mr. Lindsey stated that he routinely reviewed his financial documents and that he was satisfied with the actions of his attorney in fact, his son Gregory. Mr. Lindsey stated that his sister, Ms. Pannell, was, *inter alia*, dishonest, and that she had misused their mother's funds while serving as an "informal fiduciary."

The matter was bifurcated due to timing restraints and in order to permit Mr. Lindsey to present evidence. Ms. Pannell presented her case in full on September 21, 2010. Mr. Lindsey was not present at the hearing, and the court scheduled a hearing for September 27.

Mr. Lindsey died on September 25, however, and his counsel filed a suggestion of death on September 27, 2010. Counsel for Mr. Lindsey also filed a motion for involuntary dismissal, asserting that Ms. Pannell had failed to demonstrate, by clear and convincing evidence, that Mr. Lindsey had been in need of a conservator.

The probate court entered judgment in the matter on November 11, 2010. The probate court denied Mr. Lindsey's motion to dismiss, but dismissed the matter by reason of Mr. Lindsey's death. The probate court awarded the GAL fees in the amount of $3,920, and set fees for Mr. Pannell's counsel at $2,000. The court ordered that both fees would be paid one-half by Ms. Pannell, and one-half by Mr. Lindsey's estate. Mr. Lindsey's estate filed a notice of appeal to this Court. In February 2011, the Estate of Paul Lindsey (hereinafter, for consistency, Mr. Lindsey), filed notice that no transcript or statement of the evidence would be filed.

### *Issues Presented*

In his brief to this Court, Mr. Lindsey presents several issues for our review. At oral argument of this matter on August 24, 2011, however, the parties conceded that the only issue which is has not been mooted by Mr. Lindsey's death is whether the trial court erred by ordering Mr. Lindsey's estate to pay one-half of the fees of the GAL and Ms. Pannell's attorney. Thus, the issues presented, as we reword them are:

(1)     Whether, under Tennessee Code Annotated § 34-1-114, a trial court may assess attorney's fees and GAL fees against a respondent's estate when the respondent died during the course of the conservatorship proceedings and no fiduciary was appointed.

(2)     Whether the trial court erred by setting the GAL and Petitioner's attorney's fees in the absence of any documentation to support the amount of the fees.

### *Standard of Review*

Where, as in this case, no transcript or statement of the evidence has been included on appeal, we conclusively presume the findings of the trial court to be correct. *E.g., In re M.L.D.*, 182 S.W. 3d 890, 895 (Tenn. Ct. App. 2005). The construction of a statute, however, is a question of law which we review *de novo*, with no presumption of correctness attached to the determination of the trial court. *Waters v. Farr*, 291 S.W.3d 873, 881 (Tenn. 2009). When interpreting a statute, we seek to ascertain and effectuate the legislature's intent, neither unduly restricting or expanding the statute beyond its intended scope in light of the

context of the entire statute and the natural and ordinary meaning of the statutory language. *Hathaway v. First Family Fin. Servs., Inc.*, 1 S.W.3d 634, 640 (Tenn. 1999) (citations omitted); *JJ & TK Corp. v. Bd. of Comm'rs*, 149 S.W.3d 628, 630-31 (Tenn. Ct. App. 2004) (citations omitted). When the language of the statute is clear, we must utilize the plain, accepted meaning of the words used by the legislature to ascertain the statute's purpose and application. If the wording is ambiguous, however, we must look to the entire statutory scheme and at the legislative history to ascertain the legislature's intent and purpose. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn.2004) (citations omitted).

### *Discussion*

Mr. Lindsey asserts that, although Tennessee Code Annotated 34-1-114(a) authorizes the assessment of costs and attorney's fees against a respondent when a fiduciary is appointed, it does not permit the court to assess fees against the respondent when no fiduciary is appointed. Ms. Pannell, on the other hand, relies on *In Re Webb*, 675 S.W.2d 176 (Tenn. Ct. App. 1984), for the proposition that the court may assess attorney's fees and the costs of the GAL against the respondent when the petition to establish a conservatorship was meritorious and where a fiduciary would have been appointed but for the respondent's death. Ms. Pannell further asserts that the court's award of attorney's and GAL fees is supported under the doctrine of quantum meruit.

We first dispense with Ms. Pannell's reliance on the doctrine of quantum meruit. There is no argument in this case that Ms. Pannell's attorney and the GAL are entitled to fees. The only question is whether those fees may be assessed against the respondent where no fiduciary was appointed.

We turn next to the probate court's award to Ms. Pannell of one-half of her attorney's fees. Tennessee courts follow the "American Rule" with respect to attorney's fees, requiring each party to pay their own attorney's fees in the absence of a statute or contractual provision providing otherwise. *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005) (citation omitted). "'The allowance of attorney's fees is largely in the discretion of the trial court, and the appellate court will not interfere except upon a clear showing of abuse of that discretion.'" *Id*. (quoting *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995)).

Tennessee Code Annotated § 34-1-114 provides, in pertinent part:

(a) If a fiduciary is appointed, the costs of the proceedings, which are the court costs, the guardian ad litem fee, the required medical examination costs and the attorney's fee for the petitioner, shall be charged against the property of the respondent to the extent the respondent's property exceeds the supplemental

security income eligibility limit. If no fiduciary is appointed, the costs of the proceedings shall be charged against the petitioner. The guardian ad litem fee and the attorney's fee for the petitioner shall be established by the court. If a fiduciary is cited for failure to file an inventory or accounting, the costs incurred in citing the fiduciary, in the discretion of the court, may be charged to and collected from the cited fiduciary.

Tenn. Code Ann. § 34-1-114(a)(2007).

Ms. Pannell asserts that, although a fiduciary was not appointed in this case, the assessment of one-half of her attorney's fees to Mr. Lindsey's estate is nevertheless permissible under § 34-1-114 where the trial court determined that a fiduciary would have been appointed but for Mr. Lindsey's death. She relies on *In Re Webb* to support her assertion that the award of attorney's fees is in the probate court's discretion. We disagree.

As noted above, where the wording of a statute is unambiguous, we interpret it in light of the plain language chosen by the legislature. In this case, § 34-1-114(a) permits the court to charge a petitioner's attorney's fees against the property of the respondent "[i]f a fiduciary is appointed." Otherwise, the petitioner must bear the costs of her own attorney's fees. The statute is unambiguous with respect to the parameters under which the American Rule regarding attorney's fees may be set aside in a proceeding to establish a conservator.

The legislative intent to strictly circumscribe the court's discretion to award attorney's fees in a petition to establish a fiduciary is further illustrated by subsection (b) of the statute. The subsection provides:

> (b) Notwithstanding subsection (a), if a petition for a standby fiduciary is filed pursuant to § 34-1-119(c), and regardless of whether a standby fiduciary is appointed, the costs of the action shall be charged against the petitioner.

Tenn. Code Ann. § 34-1-114(b)(2007). Thus, even where a petition to establish a standby fiduciary is successful, the petitioner nonetheless must bear the costs of the action.

Ms. Pannell's assertion that attorney's fees should be permitted in this case because the petition would have been meritorious but for Mr. Lindsey's death is not persuasive. Tennessee Code Annotated § 34-3-106 provides:

The respondent has the right to:
> (1) On demand by respondent or the guardian ad litem, a hearing on the
issue of disability;
> (2) Present evidence and confront and cross-examine witnesses;
> (3) Appeal the final decision on the petition;
> (4) Attend any hearing; and
> (5) Have an attorney ad litem appointed to advocate the interests of the
respondent.

Tenn. Code Ann. § 34-3-106 (2007). In this case, the hearing in the probate court was bifurcated. Ms. Pannell presented her case on September 21, 2010. Mr. Lindsey, however, died before presenting his evidence and having an opportunity to cross-examine witnesses at the hearing scheduled for September 27. The record clearly reflects that Mr. Lindsey had chosen and appointed an attorney-in-fact, that the medical experts agreed that he was competent to choose his own fiduciary, and that he stringently objected to the appointment of an alternate fiduciary by the court. Tennessee Code Annotated § 34-13-103, moreover, mandates that, if the court determines the appointment of a fiduciary is necessary, the person designated in a writing by the disabled person shall be considered first. The disabled person's spouse is to be considered second, followed by his child. In this case, Mr. Lindsey was divorced, and he had executed a writing designating his son to serve as his attorney in fact. Further, Mr. Lindsey clearly had no opportunity to appeal any potential final judgment appointing a conservator other than Gregory. We must disagree with Ms. Pannell and the probate court that, under Tennessee Code Annotated § 34-1-114(a), a petitioner's attorney's fees may be assessed against the respondent's property where no fiduciary was appointed and where the respondent clearly and unambiguously objected to the appointment of a conservator other than his designated attorney-in-fact, and did not have the opportunity to exercise the rights provided by Tennessee Code Annotated 34-3-106. *See In Re Conservatorship of Todd*, No. E2009-02346-COA-R3-CV, 2010 WL 2350568, at * 8-9 (Tenn. Ct. App. June 14, 2010).

We also disagree with Ms. Pannell that *In Re Webb* compels a different result. In *Webb*, we stated that we agreed "that the purpose of an action under the statute is to benefit the [r]espondent[.]" *In Re Webb*, 675 S.W.2d 176, 177 (Tenn. Ct. App. 1984). We nonetheless held that, "given the rule relative to awarding of attorney fees," the trial court correctly declined to award the respondent her attorney's fees as "costs," despite finding her competent and dismissing her children's petition to have her declared a disabled person. *Id.* *Webb* supports the proposition that the statutory provision with respect to the assessment of attorney's fees, which alters the American Rule in an action to establish a conservatorship, is to be strictly limited to the parameters enunciated by the legislature. We therefore reverse the assignment of one-half of Ms. Pannell's attorney's fees to Mr. Lindsey.

Ms. Pannell further relies on *Webb* to support the proposition that the trial court acted within its discretion when it assessed one-half of the fees of the GAL to each party. We again disagree. The statute construed by the *Webb* court, then codified at Tennessee Code Annotated § 34-12-117, provided:

> (a) If a limited guardian is appointed, the costs of the proceedings including attorneys fees for the petitioner's attorney and the adversary counsel, the mandatory examination required by § 34–12–108(a) and the bond cost shall be the responsibility of the disabled person in such amount as set by the court. Only the disabled person's property in excess of the maximum allowable supplemental security income eligibility level shall be used to pay any costs.
>
> (b) If a limited guardian is not appointed, the cost of the proceedings shall be borne by the petitioner.

*Id*. (quoting Tenn. Code Ann. § 34-12-117). The *Webb* court upheld the trial court's assignment of the one-half of the guardian *ad litem* fees in that case upon determining that the legislature did not intend to curb the trial court's discretion with respect to the taxing of guardian *ad litem* fees as costs under Rule 54.04 of the Tennessee Rules of Civil Procedure and Tennessee Code Annotated § 20-12-119.

In contrast to the statute construed by the court in *Webb*, which is silent with respect to the costs of the guardian *ad litem*, Tennessee Code Annotated § 34-1-114(a) specifically defines the "costs of the proceedings" as "the court costs, the guardian ad litem fee, the required medical examination costs and the attorney's fee for the petitioner." It provides for the assignment of these costs to the respondent "[i]f a fiduciary is appointed." It further provides that "[i]f no fiduciary is appointed, the costs of the proceedings shall be charged against the petitioner." Thus, where former section 34-12-117 arguably left the assignment of guardian *ad litem* fees within the trial court's discretion, section 34-1-114(a) specifically establishes that guardian *ad litem* costs, like attorney's fees, may be assessed against the respondent only when a fiduciary is appointed. We accordingly reverse the probate court's judgment assessing one-half of the GAL fees against Mr. Lindsey. In light of our disposition of this issue, we find it unnecessary to address Mr. Lindsey's assertion that the trial court erred by setting the amount of the GAL's fees where Ms. Pannell has not raised the issue upon cross-appeal.

### *Holding*

In light of the foregoing, the probate court's order assigning one-half of Ms. Pannell's attorney's fees and one-half of the GAL fees to Mr. Lindsey's estate is reversed. Costs of this appeal are taxed to the appellee, Nova Gayle Pannell.

_____

DAVID R. FARMER, JUDGE